**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**MONTGOMERY DIVISION**

| | | |
|---|---|---|
| SEAN STEPHENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:24-cv-00749-MHT-SMD |
| | ) | |
| PATRICE JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**RULE 26 REPORT**

Plaintiff Sean Stephenson and Defendants Patrice R. Jones, David Lamar, Antonio McClaim, Morris Rogers, Travis Fitzpatrick, Tahir Siddiq, M.D., and Wexford Health Sources, Inc. submit this Joint Report of their conference pursuant to Federal Rule of Civil Procedure 26 and this Court's Order, # 20.

## A. THE MEETING

The following persons participated in a Rule 26(f) conference via email on January 13, 2025:

For Plaintiff Sean Stephenson: Susanne Cordner.

For Defendants Tahir Siddiq, M.D. and Wexford Health Sources, Inc.: Philip G. Piggott.

For Defendants Patrice R. Jones, David Lamar, Antonio McClaim, Morris Rogers, and Travis Fitzpatrick: Jason Matthew Bledsoe.

## B. DISCOVERY PLAN

The parties propose the following discovery plan pursuant to Rule 26(f)(3):

### 1. Disclosures under Rule 26(a).

The parties will serve initial disclosures required by Rule 26(a)(1) on or before February 15, 2025.

### 2. Discovery Subjects.

Discovery will be on the facts that relate to Plaintiff's causes of action and claims for relief and on Defendants' affirmative defenses, if any. There is no need to conduct discovery in phases or to limit discovery to particular issues except as specifically proposed herein.

### 3. Disclosure or discovery of electronically stored information (ESI).

The parties agree that with respect to any electronically stored information that is identified or requested during the course of discovery, such documents, to the extent reasonably accessible and otherwise not objectionable, will be produced in searchable PDF format.

If a party requests, then ESI must be produced in its original native format including its accompanying metadata. For example: (a) documents created using Microsoft Word must be produced as DOC files; and (b) emails must be produced in a form that readily supports import into standard email client programs.

The parties will hold an initial conference regarding electronically stored information within two weeks of the filing of this order. Topics to be addressed at the conference include (1) the custodians of information possessing requested information, (2) the email accounts, computers, and servers to be searched, (3) the proposed search terms to be used in the search for ESI, and (4) timeframe for the search.

**4. Claims of privilege or work-product protection asserted after production.**

The parties agree that an inadvertent disclosure of privileged communications, documents, things, and ESI covered by the attorney-client privilege and/or work-product protection does not operate as a waiver in this proceeding if the holder of the privilege took reasonable precautions to prevent disclosure and took reasonably prompt measures, once the holder knew or should have known of the disclosure, to rectify the error.

If information produced in discovery is subject to a claim of privilege as referenced above, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must make prompt and reasonable efforts to return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take prompt and reasonable steps to retrieve the information

if the party disclosed it before being notified; and may promptly present the information to the Court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

The parties agree that communications (a) among a party's counsel, between counsel and clients, and between counsel and expert witnesses; and (b) since the lawsuit was filed or counsel was retained in this matter, whichever occurred first, are privileged and need not be listed on a privilege log. However, the parties reserve the right to request the production of a privilege log of these communications

**5. Written Discovery.**

**(a)** The parties agree that interrogatories should proceed pursuant to Federal Rule of Civil Procedure 33. Each party shall be allowed to propound 30 interrogatories on each other party, without leave of court, and the responding party shall have 30 days to serve its answers and any objections.

**(b)** The parties agree that requests for admission should proceed pursuant to Federal Rule of Civil Procedure 36. Each party shall be allowed to propound 25 requests for admission on each other party, without leave of court, and the responding party shall have 30 days to serve its answers and any objections.

**(c)** The parties agree that requests for production should proceed pursuant to Federal Rule of Civil Procedure 34. Each party shall be allowed

to propound 25 requests for production on each other party, without leave of court, and the responding party shall have 30 days to serve its answers and any objections.

**(d)** Each party shall be allowed 10 depositions without leave of court.

**(e)** The parties agree to electronic service of discovery materials. For purposes of calculating deadlines, any electronically served discovery requests will be treated as being served by mail under Rule 6(d).

**6. Discovery.** The parties propose the following discovery and scheduling deadlines.

**(a) Discovery opens:** Upon the filing of this report.

**(b) Deadline to amend pleadings:** April 14, 2025

**(c) Expert witness disclosures.**

Plaintiff must serve expert disclosures and corresponding reports pursuant to Rule 26(a)(2) by **January 2, 2026**.

Defendants must serve expert disclosures and corresponding reports by **February 6, 2026.**

**(d) Factual Discovery cutoff:** All factual discovery will be commenced in time to be completed by **March 6, 2026.**

**(e) Settlement conference deadline: April 6, 2026**

(f) **Dispositive motions:** All potentially dispositive motions should be filed by **April 4, 2026.**

(g) ***Daubert* motions: April 4, 2026**

(h) **Trial witness lists, trial exhibit lists, and deposition designations: June 22, 2026**

(i) **Pretrial conference: June 22, 2026**

**(j)** **Trial date**: The parties propose that the Court set this case for its **August 3, 2026 trial docket.** Trial is expected to take approximately 6 to 7 days.

**C. OTHER ITEMS**

1. The parties do not request a conference with the Court before the Scheduling Order is entered.

2. The parties agree to service of discovery requests and responses by electronic means to the same addresses as noticed by the Court's CM/ECF system.

3. The parties discussed the possibility of settlement at the conference.

a. Plaintiff: Plaintiff is willing to engage in settlement discussions at this time. Plaintiff recognizes that further discovery may be helpful to the parties before meaningful settlement discussions can occur.

b. Defendant: Defendants are of the opinion that discovery is necessary prior to any settlement discussions.

4. The parties understand and have engaged in good faith to abide by their duties to preserve information that is potentially relevant to this lawsuit.

5. This case will require disclosure of protected health information. The parties agree and request this Court enter the HIPPA protective order that will be filed as an exhibit to this Report and emailed to the Court's chambers. The parties further agree to enter into discussions within 14 days to discuss the terms of A General Protective Order and the parties will submit to the Court if the parties can come to an agreement on the terms.

**D. Description of the case and elements**

A description of the nature and complexity of the case and a list of the elements for each claim and defense are presented as follows:

Plaintiff Sean Stephenson alleges that while he was incarcerated at Bullock Correctional Facility, the ADOC employees (Jones, Lamar, McClain, Rogers, and Fitzpatrick) (1) knew there was a substantial risk of inmate-on-inmate violence (2) had the power to prevent; but (3) failed to take reasonable action to prevent. And as a result of Defendants actions, Plaintiff was seriously injured by another inmate.

Plaintiff further alleges that after he suffered these serious injuries, all Defendants repeatedly denied him medical care or delayed his access to medical care, despite knowing of his serious medical needs, and that, as a result of Defendants' actions, Plaintiff suffered serious, additional, and ongoing injuries.

This case is complex given the number of Defendants and the allegations.

1. Failure to Protect from a Known Risk of Harm, in violation of the Eighth Amendment, against the ADOC employees (Count I)

2. Denial of or Delay in Access to Medical Care, in violation of the Eighth Amendment, against the individual medical providers, the ADOC employees, and Wexford (Counts II, III, IV and V)

To succeed on Count I, Plaintiff must prove each of the following facts:

(1) That Plaintiff faced a substantial risk of harm;

(2) That Defendants knew of the substantial risk of harm Plaintiff faced;

(3) That Defendants were deliberately indifferent to Plaintiff's known risk of harm;

(4) That Defendants' conduct caused Plaintiff's injuries; and

(5) That Defendants acted under color of law.

To succeed on Counts II, III, IV, and V, Plaintiff must prove each of the following facts:

(1) That Plaintiff had a serious medical need;

(2) That Defendants knew that Plaintiff had a serious medical need;

(3) That Defendants failed to provide necessary medical care for Plaintiff's serious medical need or delayed his access to medical care in deliberate indifference to Plaintiff's serious medical need;

(4) That Defendants conduct caused Plaintiff's injuries; and

(5) That Defendants acted under color of law.

Respectfully submitted this 14th day of January, 2025.

Respectfully submitted,

*/s/ Philip G. Piggott*

Philip G. Piggott (ASB-4379-P67P)
RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
1901 6th Avenue North
Suite 1000
Birmingham, AL 35203
205-443-2769 (T)
334-262-6277 (F)
ppiggott@rushtonstakely.com

Susanne Emily Cordner
(ASB-4687-C61N)
Joseph Mitchell McGuire
(ASB-8317-S69M)
McGuire & Associates, LLC
31 Clayton Street
Montgomery, Alabama 36104
334-517-1000
scordner@mandabusinesslaw.com
jmcguire@mandabusinesslaw.com

Matthew Bledsoe
Alabama Attorney General's Office
501 Washington Avenue
Montgomery, AL 36104

*/s/Philip G. Piggott*
Of Counsel